IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 14 CR 16 |
| ) | |
| JONATHAN TANKSON ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jonathan Tankson pled guilty to charges of conspiracy to possess marijuana with the intent to distribute and conspiracy to commit money laundering. Tankson conducted a well-organized marijuana trafficking and money laundering operation. When his stash house was searched by law enforcement, agents recovered over 50 kilograms of marijuana, scales and packaging materials, and about $500,000 worth of jewelry and over $1 million in U.S. currency.

The charges against Tankson included one carrying a mandatory minimum ten-year prison term. The government dropped this charge as part of a plea agreement, under which Tankson pled guilty to conspiracy to distribute marijuana and conspiracy to commit money laundering and agreed not to appeal.

At sentencing, held in 2016, the government argued for a sentence of 15 years, which was significantly below the advisory Sentencing Guidelines range. Tankson asked the Court to impose a 3-year prison term. The Court imposed an 8-year prison sentence. The seized money and property has been forfeited, and the Court also imposed a forfeiture consisting of a money judgment against Tankson in the amount of $445,000.

Tankson reported to prison in February 2017. He is serving his sentence at FCI Terre Haute. Thus far, he has served a bit more than 45 months, just short of 4 years.

Tankson has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical condition and the risks posed by the coronavirus. When Tankson filed his motion in June 2020, only a few inmates at FCI Terre Haute had tested positive for the coronavirus. As of November 2 (the date the Court dealt with a similar motion by another FCI Terre Haute inmate), the number of inmates currently testing positive was 11, and there were another 130 who previously tested positive and have recovered— a total of 141 inmates with positive tests. Since then the prison, like most of the country and, in particular, the state of Indiana, has experienced a significant surge in cases over the past month. As of today's date, there are 84 inmates with current positive tests and 170 who previously tested positive and recovered—a total of 254. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 28, 2020).[1] This is an increase of more than 100 in just four weeks. There has also now been an inmate death at FCI Terre Haute attributed to coronavirus disease. *Id.* The Court acknowledges the efforts of the Bureau of Prisons to prevent and control the spread of the virus at the prisons it administers, but at this point it is fair to say that the virus is widespread within FCI Terre Haute and becoming more so.

Tankson's medical records establish that he suffers from an immune disorder that makes it far more likely that he will have a bad outcome if he contracts the coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

---

[1] The actual positivity rate is likely a good deal higher, as BOP is not conducting universal testing of inmates.

conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Nov. 28, 2020). The government agrees; it concedes that Tankson's "health condition represents an 'extraordinary and compelling reason' for a sentence reduction." Gov't's Resp. to Def.'s Mot. for Release at 18 (heading).

Tankson's motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1)  in any case—
>
> (A)      the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The parties agree that Tankson has satisfied the statute's administrative

exhaustion requirement. In addition, as the Court has indicated, it is undisputed that there are "extraordinary and compelling reasons" that permit a sentence reduction. The coronavirus outbreak, the virus's confirmed and increasing presence at FCI Terre Haute and the evidence that it is not well-controlled there, and the significant risk the virus poses to Tankson due to his medical condition certainly qualify, as the government concedes.

Third, a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Sullivan. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); *cf. United States v. Gunn*, No. 20-1959, 2020 WL 6819355, at *2 (7th Cir. Nov. 20, 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission in determining what constitutes an extraordinary and compelling reason warranting release).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Tankson's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Tankson; and providing him with any necessary services and treatment.

The amount of time served to date by Tankson does not adequately account for the seriousness of his offense; the Court concluded as much when it sentenced him to a prison term totaling 96 months. On the other hand, Tankson does not have a significant

prior criminal history. It consists almost entirely of repeated traffic-related offenses, most of which involved driving with a suspended or revoked license, as well as two charges involving possession of cannabis. The Court does not wish to minimize these offenses, but their relative lack of severity, in the scheme of things, is reflected by the fact that, prior to this offense, Tankson does not appear to have served more than 30 days in custody at any one time. And the circumstances of the present offenses do not suggest that he poses a danger to the community. Tankson's crimes involved greed, egotism, and disregard for the interests of others, but there is no indication that they endangered the community or specific individuals.

Although Tankson's present case involved very serious offenses, it would be difficult for one to say that serving nearly four years in a federal prison is light punishment. And although four years is a good deal less than the Court expected him to serve, matters have changed significantly since that time. Tankson, who has a severely compromised immune system, is now exposed to an infectious virus, the spread of which is almost certainly increased in a prison environment. He is unquestionably at risk of a severe outcome if he contracts the virus. In short, Tankson faces a significant risk of serious bodily harm. Requiring him to be subjected to this severe risk for more than the extended period he has already faced it—given the length of time the coronavirus pandemic is likely to persist—does not, in the Court's view, amount to just punishment, nor does it promote respect for the law. The Court also believes that the amount of time that Tankson has served to date (almost four years) is sufficient to deter him from committing similar crimes in the future.

For these reasons, the Court grants Tankson's motion to reduce his sentence. As a condition of reducing Tankson's prison term, however, the Court will increase the

5

term of supervised release on Count 1 to 5 years, in order to ensure that he remains under supervision for a period sufficient to ensure his reintegration into the community as a law-abiding citizen. The Court will also amend the conditions of supervised release to add a condition of eighteen months of home detention with location monitoring. In this way, Tankson's liberty will continue to be restricted in a very significant way for the next year and a half, and he will be under the supervision of a probation officer for a total of five years. Finally, given Tankson's history, the Court will amend the conditions of supervised release to include a specific provision stating that Tankson may not drive a motor vehicle without a valid driver's license.

The Court is giving Tankson a very significant additional break in reducing his prison sentence. But Tankson should be aware that if he violates the conditions of his supervised release, knowing full well that this will subject him to reimprisonment, the Court will not hesitate to reincarcerate him, irrespective of his medical condition.

## Conclusion

For the reasons stated above, the Court grants defendant Jonathan Tankson's motion for compassionate release [257]. The Court reduces the defendant's prison sentence to time served. The sentence reduction is conditioned upon amendment of the judgment to include a term of supervised release of 5 years on count 1 (as compared with the current term of 3 years on that count); addition of a supervised release condition stating that that Tankson may not drive a motor vehicle without a valid driver's license; and addition of a condition stating that Tankson must he serve the first twenty-four months of his supervised release on home detention. Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and the defendant shall abide by all technology requirements.

the defendant shall abide by all technology requirements. The Clerk will prepare an amended judgment and commitment order.

Date: November 30, 2020

_____
MATTHEW F. KENNELLY
United States District Judge